Submitted December 7, 2012, reversed and remanded February 6, 2013

STATE OF OREGON,
*Plaintiff-Respondent*,

*v.*

JACK LEE WORTHINGTON,
*Defendant-Appellant*.

Beaverton Municipal Court
0528308; A149647

296 P3d 624

Jack Lee Worthington filed the brief *pro se*.

Ellen Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged by citation filed in municipal court with failure to obey a traffic control device, a Class B traffic violation. ORS 811.265(1)(a). Defendant was then convicted of that violation by default when he failed to appear at the time and place scheduled for trial. On appeal, he advances a number of arguments. We reject all of them without discussion, with one exception: defendant's contention that the court erred in entering a default judgment pursuant to ORS 153.102.

According to defendant, he did not receive adequate notice and opportunity to appear at the trial, and, for that reason, the court should not have entered a default judgment against him. The state concedes the error. The municipal court mailed defendant a notice of trial in July 2011, but that notice was misaddressed. The Postal Service then returned the notice to the municipal court as undeliverable on August 24, 2011. On August 26, 2011, the municipal court mailed the same notice to defendant, this time using the correct street address. However, that did not give defendant sufficient notice of the trial date scheduled for August 30, just four days later. *See* ORS 153.073 ("Unless notice is waived by the defendant, the court shall mail or otherwise provide to the defendant notice of the date, time and place *at least five days before the date set for trial under ORS 153.070.* If the citation is for a traffic violation, or is for a violation of ORS 471.430, the notice must contain a warning to the defendant that if the defendant fails to appear at the trial, the driving privileges of the defendant are subject to suspension under ORS 809.220." (Emphasis added.)). There is no evidence that defendant received notice at least five days before the date set for trial, and the municipal court therefore erred in entering a default judgment against defendant. Hence, we reverse and remand.

Reversed and remanded.